UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON JORDON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORORATION,<br><br>　　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-00164<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DEVON JORDON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 56-year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant operates in the areas of student loan bankruptcy management and loan collection.  Defendant's principal place of business is located at 111 South Washington Avenue, Suite 1400, Minneapolis, Minnesota, and is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due using the mail and telephone across the country, including in Indiana.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately 2010, Plaintiff sought to further his education, so he obtained a student loan through Defendant.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9. In approximately 2012, after experiencing financial hardship, Plaintiff defaulted on his student loan payments owed to Defendant.  *See* Exhibit A.

10. Around the summer of 2013, Plaintiff began receiving phone calls from Defendant to his cellular phone, (313) XXX-3786.  *Id.*

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 3786.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has called Plaintiff's cellular phone using a variety of phone numbers, including but not limited to: (651) 221-0037, (916) 526-7342, (866) 945-6305, (866) 945-6584, (866) 945-6305, (855) 308-0246, (916) 235-4526, (916) 860-0238, (651) 243-9086, (916) 235-4527, (651) 243- 9088.  *Id.*

13. Upon information and belief, the aforementioned phone numbers are all regularly used by Defendant to contact consumers during its collection activities.

14.  When Plaintiff answers calls from Defendant, he experiences a brief pause and has to wait approximately four to five seconds before a live representative comes on the line.  *Id.*

15. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon the outstanding student loan payments.  *Id.*

16. Plaintiff has notified Defendant that he is not in a position to pay, and has demanded that it stop calling him.  *Id.*

17. Despite Plaintiff's demands, Defendant has continued to call his cellular phone up until the date of the filing of this complaint.  *Id.*

18. When Plaintiff misses a call from Defendant, it sends him an email, seeking to collect upon the defaulted student loan debt.  *Id.*

19. Defendant calls Plaintiff's cellular phone multiple times during the same day, even after being told to stop contacting him.  *Id.*

20. Plaintiff has told Defendant to stop calling him on a number of occasions.  *Id.*

21. Plaintiff has received not less than 54 phone calls from Defendant since asking it to stop calling. *Id.*

22. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $61.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause, lasting approximately four to five seconds in length, that Plaintiff

experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

29. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after he revoked consent. Even if Plaintiff *may* have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly rescinded by his demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DEVON JORDON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

34. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

35. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting him. Any consent Plaintiff may have given was explicitly revoked by his demands to cease contacting him. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect payment from him.

39. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff demanded that it stop calling him, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant

continued its deceptive conduct.  Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

40. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day.  Placing numerous calls within a short window was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

41. Additionally, Defendant used a wide-array of phone numbers and area codes to call Plaintiff's cellular phone.  This is extremely deceptive behavior, as Defendant is attempting to deceive Plaintiff into answering its phone calls and ultimately making payment.  After Plaintiff told it to stop calling him, Defendant continued to confuse and harass him by calling from various phone numbers and area codes.

42. In violating the TCPA, Defendant in further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list.  A claim may be based only on an enumerated act, and not a representations at all."  *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

43. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1)

> three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

45. Defendant's conduct is part an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff using different phone numbers at least 54 times after he told it to stop, shows that its behavior is incurable and demonstrates it had no intention of curbing its behavior.

46. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

47. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 21 through 25, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, DEVON JORDON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

    e.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 18, 2017                                                     Respectfully submitted,

s/ Nathan C. Volheim                                                  s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                                    Counsel for Plaintiff
Admitted in the Northern District of Indiana         Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                       Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                        Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                 (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com