# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DEVON JORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:17-cv-00164-TLS-SLC** |
| | ) | |
| **EDUCATIONAL CREDIT** | ) | |
| **MANAGEMENT CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is Defendant's Motion for Entry of Agreed Protective Order pursuant to

Federal Rule of Civil Procedure 26(c), seeking the approval of a proposed protective order

stipulated to by the parties. (DE 17). Because the proposed order is inadequate in several ways,

the parties' motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See*

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

A protective order, however, must only extend to "properly demarcated categor[ies] of

legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-

1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective

order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately

confidential information. First, the proposed order enables a party to designate material as

confidential if a party "believes in good faith" that the material "contains or constitutes"

confidential or proprietary information. (DE 17-1 ¶ 2). However, the term "believes in good

faith" is a "fudge" phrase that contributes to the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Another problem is that the proposed order allows documents that "contain" confidential information to be filed entirely under seal (DE 17-1 ¶¶ 2, 14), rather than solely protecting the actual confidential information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Third, the parties include a "catch-all" category of material in their proposed order, that seeks to protect "[o]ther similar confidential information or proprietary information . . . ." (DE 17-1 ¶ 2(e)). But in light of this category, the Court is not satisfied that the parties know what information constitutes confidential material. *See Cincinnati Ins. Co.*, 178 F.3d at 946. The Seventh Circuit has repeatedly held that overly broad protective orders are invalid.[1] *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

_____

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings, it requires a higher level of scrutiny.

Finally, to the extent that paragraphs 5 and 20 of the proposed protective order suggest that the Court will retain jurisdiction over this matter after the termination of this suit, those provisions are not acceptable. (DE 17-1 ¶¶ 5, 20). The Court is unwilling to enter a protective order that suggests it will retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

In sum, it is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 946. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Therefore, for the foregoing reasons, the Court DENIES the Defendant's motion for the entry of the proposed stipulated protective order. (DE 17). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 22nd day of September 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge